UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH PIARD,<br><br>    Plaintiff,<br><br>v.<br><br>ALAN GARBER, et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 25-40005-MRG |

**ORDER**
August 5, 2025

**GUZMAN, D.J.**

On January 2, 2025, plaintiff Joseph Piard, who is confined at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI-Gardner"), filed a complaint against Harvard University, the president of Harvard University, the Chief of the Harvard Police Department and a Harvard police detective under 42 U.S.C. § 1983 ("§ 1983"). ECF 1. With the complaint, Piard filed an affidavit of indigency on the form used in the courts of the Commonwealth of Massachusetts. ECF 2.

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $55.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Although Piard did not submit a motion, it appears that he seeks *in forma pauperis* status because he submitted the affidavit form used in state court.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon

which relief may be granted.  See 28 U.S.C. § 1915(g).[1]  Piard has had several cases dismissed for failure to state a claim upon which relief may be granted.  See *Piard v Hakala, et al.*, No. 23-40180-MRG (D. Mass. Feb. 21, 2024); *Piard v Arsenault*, No. 23-40165-MRG (D. Mass.  Apr. 25, 2024); *Piard v Murphy*, No. 24-40130-MRG (D. Mass. Dec. 9, 2024); *Piard v Murphy*, No. 24-40103-MRG (D. Mass.  Dec 19, 2024).

Because Piard has had three or more actions dismissed for failure to state a claim, he is subject to the "three-strikes" provision of Section 1915(g).  Thus, Piard can only proceed in this action without prepayment of the filing fee if he shows that the alleged misconduct as set forth in his complaint places him "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Here, nothing in the complaint suggests that he is in imminent danger of serious physical injury.

Accordingly, this action is DISMISSED without prejudice to plaintiff seeking to reopen this action within 35 days of the date of this Order by filing a motion to reopen accompanied by payment of the $405.00 filing fee.

**So Ordered.**

  /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2025

---

[1] A prisoner is not permitted to proceed *in forma pauperis*:
> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).